UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAFAEL CALLEJAS,<br>      Defendant. | 15-cr-252 (Def. #17) (PKC)(RML) |

**DEFENDANT RAFAEL CALLEJAS'**
**MEMORANDUM IN AID OF SENTENCING**

RETURETA & WASSEM, P.L.L.C.

Manuel J. Retureta, Esq.

300 New Jersey Avenue, NW

Suite 900

Washington, D.C. 20001

*Defense Counsel for Rafael Callejas*

## Table of Contents

I. Concise Sentencing Argument

II. Case Background

III. Personal Background

IV. Acceptance of Responsibility

V. PSR & Offense Conduct

VI. Mitigation

VII. U.S. Sentencing Guidelines Guidance

VIII. Statutory Sentencing Factors – 18 U.S.C. §3553(a)

### I. Concise Sentencing Argument

Mr. Callejas respectfully requests that the Court impose a sentence of time-served, a sentence that allows his return to his home in Honduras. The request is founded upon his voluntary surrender to U.S. authorities, his immediate and impactful process of cooperating with the U.S. government to truthfully detail his illegal conduct, and his acceptance of responsibility in the form of a plea agreement. Additionally, several mitigating factors add further support for a sentence that allows Mr. Callejas to return to his home in Honduras.

## II. Case Background

On March 28, 2016, Mr. Callejas accepted responsibility for his illegal conduct and pleaded guilty before the Honorable Magistrate Judge Robert M. Levy to Count 1 and Count 31 of a 92-count superseding indictment. He accepted responsibility for conspiring to violate 18 U.S.C. §1962(c), that is, to conduct and participate in the affairs of a criminal enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §1962(d) and 18 U.S.C. §1963(a). The racketeering activity for which Mr. Callejas is accountable includes a wire fraud conspiracy involved in worldwide soccer's regional qualifying scheme charged in Count 31.

Count 31 charged that from January 2008 to the present, Mr. Callejas, together with others, conspired to devise a scheme to defraud soccer's international governing body Fédération Internationale de Football Association ("FIFA"), and regional bodies such as Caribbean Association Football ("CONCACAF") and National Autonoma de Futbol de Honduras ("FENAFUTH") and their constituent organizations. The scheme was to deprive FIFA, CONCACAF, FENAFUTH, and their constituent organizations, of their respective rights to honest and faithful services, through bribes and kickbacks, and to obtain money and property by means of materially fraudulent pretenses, and for the purpose of executing such scheme, conspired to transmit wire transfers, in violation of 18 U.S.C. §1349 and 18 U.S.C. §1343.

Once informed of the indictment, Mr. Callejas quickly surrendered, admitted his illegal activity and pleaded guilty pursuant to a plea agreement with the

government. Since his plea of guilty, he has remained on bond pending sentencing. Mr. Callejas has been in full compliance with all conditions of his bond, supervision and monitoring since the day it was imposed to the current date. Presentence Investigation Report ("PSR"), p.6¶7.

### III. Personal Background

Mr. Callejas left his home in Honduras and voluntarily surrendered to U.S. authorities in December of 2015. For the past 42-months, while not incarcerated in a prison, Mr. Callejas has served time as his case waited for final resolution. He has "served time" in the sense that the bulk of his family was in Honduras, and most importantly, his wife, Norma, was in Honduras.

While some family members were able to visit Mr. Callejas here in the U.S., and he stayed with a family member here, Mr. Callejas was not able to receive a visit from his wife. Due to a cancelled visa, Mrs. Callejas was unable to visit the United States and be with her husband since Mr. Callejas' surrender in December of 2015. PSR, p.15¶54.

The separation from his wife, children, grandchildren and extended family in Honduras has taken a tremendous toll on Mr. Callejas. The letters presented to the Court are replete with examples of family members describing Mr. Callejas' love, guidance, and assistance spanning all ages and stages of family life.

Mr. Callejas has missed countless Sunday family lunches and the time to watch his family grow. Exh. 14. It is clear from the letters that Mr. Callejas is a

true family patriarch. As his sister described him, he is "a great brother, a strong leader, and a kind and caring person." PSR, p.15¶67. The following letters offer an insight into the impact Mr. Callejas has had, and continues to have, on his family. Exh 6, 7, 8, 13, 14, 16, 17, 18.

### IV. Acceptance of Responsibility

As noted previously, upon learning of the criminal indictment against him, Mr. Callejas accepted responsibility for his acts. Within days he took his first steps towards accepting responsibility as defense counsel began discussions with prosecutors and a voluntary surrender was arranged and accomplished. Since those days in December of 2015, every step Mr. Callejas has taken has been to accept responsibility for his illegal conduct.

On December 17, 2015, Mr. Callejas was released from prison on a $4 million dollar bond. PSR, p.1. Since that bond was imposed he has complied with all aspects of the bond and the accompanying supervision. PSR, p.6¶7. Mr. Callejas took every step to assure that he not only accepted responsibility, but to also show the Court the respect warranted for its officers and the system.

### V. PSR & Offense Conduct

Mr. Callejas has reviewed the PSR and finds no errors and does not dispute its findings. Consistent with his plea agreement, the PSR calculates a total adjusted offense level of 22 and a criminal history category of I, with a

corresponding Guidelines range of imprisonment of 41 to 51 months.  PSR, pp.13 and 19 ¶¶51 and 84.

## VI. Mitigation

*"What you do for yourself disappears when you go away,*
*but what you do for others remains as your legacy."*

Submitted for the Court's consideration is a collection of letters written on behalf of Mr. Callejas.  As soon as the criminal charges against him became public, and he voluntarily surrendered, an outpouring of support began.  The letters submitted are a few of many that capture the diversity of people touched by Mr. Callejas.  The common thread throughout the letters is Mr. Callejas' concern and generosity for others.  The quote that begins this paragraph is from a widow that describes how Mr. Callejas helped arrange air transport so her husband could receive medical treatment.  Exh. 21.

A group of letters let the Court know that personal enrichment was not a primary purpose for Mr. Callejas' illegal conduct.  These letters recognize that fostering soccer and creating a youth movement was also behind the conduct.  Exh. 1, 20, 22, 24, 25.

Another group of letters provides the Court with a glimpse into Honduran politics and how Mr. Callejas is remembered.  Exh. 2, 3, 4, 11, 27.  The following letters also reveal the importance that Mr. Callejas placed on education in his country.  Exh. 9, 12, 19, 26.

Some letters detail acts of generosity that will never be forgotten by the writers. Exh. 5, 15, 23. Finally, the letter from Mr. Callejas' personal secretary, Victorina Corletto (Exhibit 10) offers a revealing glimpse into Mr. Callejas' personal and professional side as they intermingled with everyday life. Exh. 10. Whether it was the duties of a president, or the need of a neighbor, Mr. Callejas was always available, compassionate and generous.

**VII. U.S. Sentencing Guideline Guidance**

Consistent with the plea agreement, Mr. Callejas accepts the guideline calculations set forth in the presentence investigation report. PSR, p.9-13¶¶25-51. Furthermore, as noted by the U.S. Probation Officer, Mr. Callejas took no actions to delay or obstruct justice in any fashion. PSR, p.11¶29. Finally, Mr. Callejas notes that the guidelines recognize a full three points reduction for acceptance of responsibility. PSR, p.11¶30, p.13¶¶49 and 50. USSG §3E1.1(a) and (b).

## VIII. Statutory Sentencing Factors – 18 U.S.C. §3553(a)

Mr. Callejas respectfully submits that the factors set forth in 18 U.S.C. §3553(a) also allow the Court to conclude that a just sentence would allow Mr. Callejas to return home to Honduras.[1] *See United States v. Booker*, 543 U.S. 220 (2005). Within §3553(a) is specific statutory guidance regarding the need for courts to analyze the history and personal characteristics of a defendant, the impact of a sentence, and sentence comparison and disparity. §3553(a), subsections 1, 2, 3 and 6 state:

> (a) **Factors to be considered in imposing a sentence.** The court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider --
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed to reflect the four primary purposes of sentencing, i.e., retribution, deterrence, incapacitation, and rehabilitation;
>
> (3) the kinds of sentences available (e.g., whether probation is prohibited or a mandatory minimum term of imprisonment is required by statute);
>
> (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct;

The "history and characteristics" of Mr. Callejas reveal a family man and a dedicated public servant. 18 U.S.C. §3553(a)(1). The "purpose" of sentencing is

---

[1] Sentencing courts must consider and balance all of the factors set forth in 18 U.S.C. § 3553 (a). *United States v. Gall*, 552 U.S. 38, 48 (2007).

8

served when one considers that Mr. Callejas has spent approximately 3½ years waiting for resolution of his case. 18 U.S.C. §3553(a)(2 and 3). The purposes of sentencing and the nature of a sentence are fulfilled by the history of Mr. Callejas' case.

Finally, the Court must also analyze other sentences and avoid disparities and "avoid unwarranted sentence disparities." 18 U.S.C. §3553(a)(6). At its very core, the goal of §3553(a)(6) is to ensure that every criminal defendant is treated fairly and justly. Moreover, by requiring district courts to consider sentences imposed upon similarly situated defendants, §3553(a)(6) ensures that the power to determine appropriate sentences for criminal defendants is not left to a prosecutor, but rather remains squarely within the province of district court judges.

## Conclusion

For the factors and argument set forth in this memorandum, including the accompanying exhibits, Mr. Callejas respectfully requests that the Court impose a sentence of time served and allow for his return home.

Filed this 11th day of June 2019.

                                          Respectfully submitted,

                                          RETURETA & WASSEM, P.L.L.C.

By: _____
      Manuel J. Retureta, Esq.
      300 New Jersey Avenue, NW, Suite 900
      Washington, D.C. 20001
      202.450.6119
      MJR@RETURETAWASSEM.COM
      *Defense Counsel for Rafael Callejas*

cc: All parties via ECF filing.