```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA        *    Case No. 15-CR-00252(PKC)
                                *
                                *    Brooklyn, New York
                                *    December 17, 2015
     v.                         *
                                *
RAFAEL CALLEJAS,                *
                                *
             Defendant.         *
                                *
* * * * * * * * * * * * * * * *

         TRANSCRIPT OF CRIMINAL CAUSE FOR DETENTION HEARING
              BEFORE THE HONORABLE ROBERT M. LEVY
                 UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:             AMANDA HECTOR, ESQ.
                                Asst. United States Attorney
                                United States Attorney's Office
                                271 Cadman Plaza
                                Brooklyn, NY 11201


For the Defendant:              MANUEL J. RETURETA, ESQ.
                                Retureta & Wassem, PLLC
                                1614 Twentieth Street NW
                                Washington, DC  20009
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

Fiore Reporting and Transcription Service, Inc.
4 Research Drive, Suite 402
Shelton, Connecticut 06484 (203)929-9992

1           (Proceedings commenced at 2:15 p.m.)
2                   THE CLERK:  Criminal cause for detention hearing,
3      case no. 15-CR-252, United States vs. Rafael Callejas.
4                   Counsel, your name for the record.
5                   MS. HECTOR:  Amanda Hector for the government.
6      Good afternoon, Your Honor.  Good afternoon, Your Honor.
7                   THE COURT:  Good afternoon.
8                   MR. RETURETA:  Good afternoon, Your Honor. Manuel
9      Retureta on behalf of Mr. Callejas, who's present.
10                  THE COURT:  Good afternoon.
11                  THE CLERK:  Also present is Spanish interpreter,
12     Estrellita Plested, previously sworn.  I mean -- sorry.  Rosa
13     Olivera, previously sworn.  Sorry.
14                  THE COURT:  Good afternoon.
15                  MR. RETURETA:  Your Honor, we have reached an
16     agreement on bond that we'd like to present to the court and
17     ask the court to grant that application.
18                  THE COURT:  All right.  I'll read the conditions
19     and if there's anything that's missing, let me know.
20                  Before we do that, could you swear the suretors,
21     too, please.
22           (The suretors are sworn.)
23                  THE CLERK:  Please say your name for the record and
24     speak loud. It's being recorded.  Your name?
25                  MS. WILSON:  Cecelia Callejas Wilson.

3

1           THE CLERK:  Thank you.

2           MS. KINTA: Marta Kinta (ph).

3           THE CLERK:  Thank you.

4           MR. FLORES:  (Indiscernible) Flores.

5           MR. CASTILLO:  (Indiscernible) Castillo.

6           INDISCERNIBLE:  (Indiscernible)

7           THE CLERK:  Thank you.

8           THE COURT:  All right.  Thank you. I wanted you to
9   be up here when the bond is read so that you could understand
10  what the conditions are.

11          Those of you who need an interpreter -- how many?
12  Just this gentleman?  Okay.  So if there's anything that I
13  say that you don't understand, just raise your hand and I'll
14  explain it.

15          So this is a proposed bond.  It is in the amount of
16  $4 million.  It has a number of conditions.  There's no money
17  deposited in the court.  Is that correct?

18          MS. HECTOR:  There is money deposited --

19          THE COURT:  Oh, there is.  Okay.

20          MS. HECTOR:  -- in the court.

21          If Your Honor -- if --

22          THE COURT:  Yeah, tell me --

23          MS. HECTOR:  I'm happy to do --

24          THE COURT:  Go ahead.

25          MS. HECTOR:  -- whichever is easiest but I can --

4

1   perhaps we need to -- I might have --  I need to enter that
2   amount on the actual bond so I can --
3              THE COURT:  I think you do, yes.
4              MS. HECTOR:  I can do that.  Sorry. I think I was
5   waiting for a final tally.
6         (Pause.)
7              THE CLERK:  The total bond is $4 million, right?
8              MR. RETURETA:  4 million.
9              THE CLERK:  And what's being deposited with the
10  clerk?
11             MR. RETURETA:  1.15.
12             THE CLERK:  One point --
13             MR. RETURETA:  1,150,000.
14             MS. HECTOR:  So 910 today?
15             MR. RETURETA:  910 today.
16             MS. HECTOR:  And what's the amount for --
17             MR. RETURETA:  240 at close of business tomorrow.
18             MS. HECTOR:  240.
19             THE CLERK:  So combined it's going to be 240.
20             MS. HECTOR:  It will be 1.148.
21             THE CLERK:  1.148.
22             THE COURT:  Thank you.
23             All right.  So let me start over.
24             This bond is in the amount of $4 million.  $1.148
25  million will be deposited with the court.  There are some

5

1    travel restrictions and other restrictions here. I'll go
2    through them.  If there are any questions, let me know.
3              Travel restriction is described in attachment A.
4    There are five pages to this bond.  There's the bond, typed
5    bond, standard bond form, plus an additional signature page,
6    which is page 2.  There's an attachment A, which is page 3.
7    Attachment B and C, 4 and 5.
8              So in attachment A, which is page 3, in case you're
9    following, Mr. Callejas, you are subject to electronic
10   monitoring and home detention at a location approved by the
11   FBI and the Office of Pretrial Services.
12             Until further amendment of this bond, the residents
13   must be within 20 miles of this court at 225 Cadman Plaza
14   East.
15             You may leave your residence only for attorney
16   visits, court appearances, medical appointments and religious
17   services, upon approval by Pretrial Services and also limited
18   to the Eastern and Southern Districts of New York.  And
19   you'll get a map from Pretrial Services.  So you'll get a map
20   that tells you exactly where you can go and where you can't
21   go.  The cost of electronic monitoring will be paid by you.
22             And have you gone over the cost with him?
23             MR. RETURETA:  I have not.
24          (Counsel and defendant confer.)
25             THE COURT:  Okay.  All right.  Is there questions

6

1   about that travel restriction?

2           THE DEFENDANT:  No, Your Honor.

3           THE COURT:  All right.  And so if you need to go

4   outside of that area, you need permission from the court,

5   otherwise it's a violation of the bond.

6           There is a provision that you are to avoid all

7   contact with the following persons or entities that is

8   explained in detail in attachment A, which is page 3.

9           Paragraph 2 days that the defendant will not directly or

10  indirectly associate or have contact with his co-defendants

11  or any individual employed by or associated with, including

12  but not limited through consulting agreements the following

13  entities.

14          Number one, any sports marketing company identified

15  in the indictment in this case, including, without

16  limitation, Media World and Traffic Group, or any subsidiary

17  or affiliates of the foregoing companies.

18          Two, CONCACAF and any affiliated or constituent

19  entity, including, but not limited to Fenafuth, F-E-N-A-F-U-

20  T-H. Number three, Conmebol, C-O-N-M-E-B-O-L, and any

21  affiliated or constituent entity and for FIFA and any

22  affiliated or constituent entity.

23          Do you understand?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Now there's a requirement that you

1    surrender all of your passports to the FBI.  And I understand
2    that's already been done.
3            THE DEFENDANT:  Yes, Your Honor
4            THE COURT:  And the government agrees?
5            MS. HECTOR:  Yes, Your Honor.
6            THE COURT:  And you're not to obtain another
7    passport or international travel document while the bond's in
8    effect.
9            Condition no. 5 has to do with supervision by the
10   Pretrial Services agency and the FBI.  There are special
11   conditions on the reverse, which I assume is these conditions
12   here on the (indiscernible) page.
13           Have you gone over these with your client?
14           MR. RETURETA:  I've gone over generally the
15   compliance that he needs to do with Pretrial Services,
16   contact and court's order.
17           THE COURT:  Okay.  Do I need to go through it in
18   any more detail?
19           MR. RETURETA:  I don't believe so, Your Honor.
20           THE COURT:  Okay.  So do you understand that the
21   Pretrial Services agency and the FBI will be monitoring and
22   supervising you while on release?
23           THE DEFENDANT:  Yes, Your Honor.
24           THE COURT:  You're subject to random visits at home
25   and if you work, at your place of work by Pretrial and the

1  FBI.  That means that they don't have to advise you before
2  they're coming.
3          You have to report as directed to Pretrial Services
4  and the FBI.  They'll tell you how often, whether it's in
5  person or by phone and what days to do it.
6          THE DEFENDANT:  Yes, Your Honor.
7          THE COURT:  Do you understand?
8          There are other conditions.  Attachment A --
9  attachment B has to do with assets to secure the bond.
10         So $910,000 of the total $1.148 million have been
11 posted already today. Is that correct?
12         MR. RETURETA:  Will be paid into the clerk's
13 office.
14         THE COURT:  Will be paid.
15         MR. RETURETA:  Yes.
16         THE COURT:  All right.  And tomorrow there'll be an
17 additional $248,000. Is that correct?
18         MR. RETURETA:   Correct, Your Honor.
19         THE COURT:  Okay.
20         Also there is a residence.  There's some real
21 estate that's being used to secure the bond.  The first is a
22 property at 1660, that 1660, East 1220 Morthea, M-O-R-T-H-E-A
23 --
24         MR. RETURETA:  That is Mr. Hargraves' property.
25 There is an error in the listing of the property.  It should

1   be 220 West Street, if I'm correct, Mr. Hargraves.
2           THE COURT:  Mr. Hargraves, I think I heard your
3   voice on the line.  Did I?
4           MR. HARGRAVES:  You did, sir.
5           THE COURT:  Hi.
6           MR. HARGRAVES:  It's 1220 North 1660 East.
7           THE COURT:  Okay. I'm going to pass this down so
8   that counsel can look at it and amend it.
9           So Mr. Hargraves, have you been able to hear
10  everything that's been said so far?
11          MR. HARGRAVES:  Yes, Your Honor.
12          THE COURT:  All right.  And were you able to swear
13  or affirm the oath when it was administered earlier?
14          MR. HARGRAVES:  Yes, Your Honor. I will swear
15  (indiscernible).
16          THE COURT:  Okay.  And do you have any questions
17  about anything that's been said so far?
18          MR. HARGRAVES:  So far no, Your Honor.
19          THE COURT:  Okay.  So anyway, there are two
20  properties that are being secured.  And you're aware of what
21  those properties are.  Is that correct?
22          THE DEFENDANT:  Yes, Your Honor.
23          MR. RETURETA:  Yes, Your Honor.
24          THE COURT:  Okay.  And the government and the
25  defendant have agreed as to who owns them and who has title

10

1   and that it's --

2           MS. HECTOR:  Yes, Your Honor. And the equity value,
3   which I can sort of put on the record as well.

4           THE COURT:  If you think you need to.

5           MS. HECTOR:  Okay.

6           THE COURT:  Otherwise, you can proffer it.

7           MS. HECTOR:  Well, I'll just sort of note for the
8   record that with respect to this bond in general the $4
9   million bond, one of the reasons, or some of the reasons why
10  the government is comfortable consenting to this bond, among
11  others, are as Your Honor knows the defendant voluntarily
12  surrendered earlier this week and was arraigned before Your
13  Honor.

14          The total value of the bond, $4 million, is in
15  excess of the government's current understanding of the
16  defendant's net worth, which is in assets located in
17  Honduras.

18          The $4 million between the security of the cash
19  that's being posted today and by the close of business
20  tomorrow, as well as the equity in these two properties, as
21  well as the other assets that are listed on attachment B
22  together is a little shy of $2 million securing that $4
23  million bond.

24          And with respect to the properties, we'd ask that
25  the defendant has until the 6th to do confessions of judgment

1    on those properties and has until January 18th with respect
2    to the other assets listed on attachment B to perfect the
3    security with respect to those assets.
4              THE COURT:  All right.
5              MR. RETURETA:  That's correct.
6              THE COURT:  And do you understand everything that's
7    on attachment B?
8              THE DEFENDANT:  Yes, Your Honor.
9              THE COURT:  Okay.
10             MS. HECTOR:  Also, if I just may for the record
11   note that with respect to the six suretors that are present
12   here in court today, as well as Mr. Hargraves, who's on the
13   phone, many of these suretors have traveled from Honduras,
14   from Georgia and from Texas to be here today to sign the bond
15   and among them there are two United States citizens and two
16   permanent residents of the United States.
17             THE COURT:  Okay.  Thank you all for coming today.
18   I know it wasn't easy.
19             MR. RETURETA:  One's from Florida, also.
20             MS. HECTOR:  Oh, and I'm sorry.  From Florida as
21   well.
22             THE COURT:  Okay.  All right.
23             So I think we've gone through all of the important
24   conditions on the bond at this point.  Is there anything that
25   I've left out?

1            MS. HECTOR:  No, Your Honor.  I believe that's it.

2            MR. RETURETA:  No, Your Honor.

3            THE COURT:  All right.  In addition, you can't
4   commit any crimes while you're on release.  That's obviously
5   a violation.  And if you don't come back to court when you're
6   supposed to, you could be charged with bail jumping.  That's
7   a separate crime.

8            The suretors are here guaranteeing his appearance
9   in court. Is that correct?

10           MS. HECTOR:  Yes, Your Honor.

11           THE COURT:  All right.  And you're guaranteeing all
12  the conditions on the bond.  So if you -- so do you all
13  understand what your role is here today?  I'm speaking to the
14  suretors?

15           THE SURETORS:  (In unison)  Yes.

16           THE COURT:  Okay.  So if Mr. Callejas doesn't come
17  back to court when he's supposed to, the government could
18  come back to court, ask that the bond be revoked, asked that
19  he be placed in detention and then ask that each one of you
20  who signed the bond be found what's called jointly and
21  severally liable on the bond, which means that each one of
22  you is responsible for the full face amount of the bond,
23  which is $4 million.  And the government could divide it up
24  any way it wishes to.

25           So one of you could potentially be liable for the

1      whole amount or a penny.

2              Do you all understand?

3              THE SURETORS:  (In unison)  Yes.  Yes.

4              THE COURT:  Does any one of you have any questions?

5              THE SURETORS:  No, Your Honor.

6              THE COURT:  Are you each signing the bond

7      voluntarily?

8              THE SURETORS:  (In unison)  Yes.

9              THE COURT:  All right. So Mr. Hargraves, I'm going

10     to ask you the same questions, because I can't see you

11     nodding on the phone.

12             Do you understand all --

13             MR. HARGRAVES:  Yes, I do, Your Honor.

14             THE COURT:  Okay.  And are you signing this bond

15     voluntarily?

16             MR. HARGRAVES:  Yes, I am.

17             THE COURT:  Is there anything else that should be

18     put on the record before the suretors sign?

19             MS. HECTOR:  Just that the government's

20     understanding is that Mr. Hargraves will be signing the bond

21     in district court in Utah this afternoon.

22             And upon that signature the government is

23     consenting to Mr. Callejas' release and the rest of the

24     conditions as far as the cash that's being posted by the

25     close of business tomorrow and the security on the various

14

1   assets that secure the bond will be done at the dates that
2   we've agreed to on the record.
3              THE COURT:  All right.  So are you requesting that
4   the release be continued upon receipt of the signed bond --
5              MS. HECTOR:  Of Mr. Hargrave's signature?  Yes.
6              THE COURT:  -- from Mr. Hargrave.
7              MS. HECTOR:  Yes.
8              MR. HARGRAVES:  Your Honor, will I be provided with
9   the six pages?
10             THE COURT:  Yes.
11             MR. HARGRAVES:  Or the five pages.
12             THE COURT:  Sure.  We'll fax them over to you right
13  away.
14             MR. RETURETA:  Mr. Hargraves is currently outside
15  the federal district court in Salt Lake City.
16             THE COURT:  Okay.
17             MR. RETURETA:  As soon as we're concluded, he'll be
18  stepping in and then we can transmit the documents for his
19  signature.
20             THE COURT:  Okay.  All right.  The government will
21  hand this down and we'll fax it over.
22             THE CLERK:  Is that everyone's signature?  Yes?
23             Have your client sign in the lower right hand
24  corner.
25             Is there anything else counsel?

1        MR. RETURETA:  That's it, Your Honor.

2        MS. HECTOR:  No, Your Honor.

3        THE CLERK: Thank you.

4        MR. RETURETA:  Thank you very much.

5        THE COURT:  All right.  Good luck.

6        THE DEFENDANT:  Thank you.

7     (Proceedings concluded at 2:32 p.m.)

8     I, CHRISTINE FIORE, court-approved transcriber and

9  certified electronic reporter and transcriber, certify that

10  the foregoing is a correct transcript from the official

11  electronic sound recording of the proceedings in the above-

12  entitled matter.

13

14  *[signature: Christine Fiore]*

15  _____        June 8, 2020

16     Christine Fiore, CERT