SLR:LDM:BDM
F. 2015R00747

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | STIPULATION AND ORDER |
| - against - | 15 CR 252 (S-1) (PKC) |
| RAFAEL CALLEJAS, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about March 28, 2016, defendant Rafael Callejas (the "defendant") entered a plea of guilty to a Counts One and Thirty-One of the above-captioned Superseding Indictment (the "Indictment"), charging violations of 18 U.S.C. § 1962(d) and 18 U.S.C. § 1349;

WHEREAS, in connection with his guilty plea, the defendant consented to the entry of an Order of Forfeiture (that was amended on or about March 27, 2017) imposing a forfeiture money judgment, pursuant to 18 U.S.C. §§ 1963(a) and 981(a)(1)(C), and 28 U.S.C. § 2461(c), in the amount of approximately $650,000 (the "Forfeiture Money Judgment"), which, as set forth in the Order of Forfeiture, represented monies that the defendant received in bribes and/or kickbacks in connection with schemes relating to World Cup qualifying matches and international friendly matches involving the Honduran national soccer team profits that the defendant made from certain contracts obtained through the payment of bribes and kickbacks, as: (a) property that the defendant acquired an interest in and maintained in violation of 18 U.S.C. § 1962, property that the defendant had an interest

7467638.1

in, security of, claims against or property and contractual rights that afforded a source of influence over the enterprise that the defendant established, operated, controlled, conducted and participated in the conduct of, in violation of 18 U.S.C. § 1962, property that the defendant derived from proceeds obtained, directly and indirectly, from racketeering activity, in violation of 18 U.S.C. § 1962, and/or as substitute assets in accordance with the provisions of 18 U.S.C. § 1963(m); and (b) property, real or personal, which constitutes or is derived from proceeds traceable to the defendant's violations of 18 U.S.C. § 1349, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, in accordance with the Order of Forfeiture, on or about April 16, 2016, the defendant paid to the government the sum of $180,000 towards the Forfeiture Money Judgment (the "Forfeiture Payment");

WHEREAS, on or about April 4, 2020, prior to the defendant's sentencing, the defendant died;

WHEREAS, approximately four weeks later, on or about April 30, 2020, the Court dismissed the Indictment against the defendant;

WHEREAS, following the defendant's death, the estate of the defendant, together with its sole beneficiary, Norma Regina Gaborit de Callejas (collectively, the "Estate"), sought return of the Forfeiture Payment from the government under the doctrine of abatement; and

WHEREAS, the United States and the Estate (together, the "Parties") hereby desire to enter into this stipulation of settlement (the "Stipulation") for the purpose of

resolving the Estate's claim for return of the Forfeiture Payment without further litigation, on the terms and subject to the conditions set forth herein;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED as follows:

1. The Estate represents that it holds the exclusive right to seek return of the Forfeiture Payment and that it is duly authorized to execute this and all other documents necessary to effectuate the settlement with regard to the Forfeiture Payment as contemplated by this Stipulation.

2. In consideration of the government's release of the Settlement Amount (as defined in paragraph 4 below) and the waiver by the Office of its right to pursue the forfeiture of any other property belonging to the Estate based upon the facts and circumstances set forth in the Indictment, the Estate agrees to the government's retention and forfeiture of $45,000 of the Forfeiture Payment, together with all interest accrued on the Forfeiture Payment during the period that the Forfeiture Payment was held in the custody of the United States (the "Retained Funds").

3. The Estate releases any and all claims to the Retained Funds, agrees that the forfeiture of the Retained Funds may be accomplished either administratively or civilly, at the Office's election, and waives the requirements of any applicable laws, rules or regulations governing the forfeiture of assets, including notice of the forfeiture and any deadlines under 18 U.S.C. § 983. If the Office seeks to forfeit the Retained Funds judicially, the Estate waives the filing of a civil forfeiture complaint and consents to entry of an order of forfeiture directed to such funds. If the Office seeks to forfeit the Retained Funds administratively, the Estate consents to the entry of a declaration of forfeiture and waives the requirements of 18

U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters. The Estate agrees to execute any additional documents necessary to complete forfeiture of the Retained Funds. The Estate also agrees that it shall not file any petitions for remission, restoration, or any other assertion of ownership or request for return relating to the Retained Funds, or any other action or motion seeking to collaterally attack the seizure, restraint, or forfeiture of the Retained Funds; nor shall the Estate assist any others in filing any such claims, petitions, actions, or motions. In the event that any such claims are filed with regard to the Retained Funds, the Estate shall assist the government in defending such claims, including promptly responding to requests for documents or information, and, if requested, providing testimony during discovery or at any hearings or trial. The Estate agrees that it shall not claim, assert, or apply for, either directly or indirectly, any tax deduction, tax credit, or any other offset with regard to any U.S. federal, state, or local tax or taxable income in connection with the forfeiture of the Retained Funds.

4. Following the Court's approval of this Stipulation, the United States shall release to the Estate $135,000 of the Forfeiture Payment, less any debts owed by the Estate to the United States or that the United States is authorized to collect from the Estate pursuant to the Debt Collection Improvement Act of 1996 as set forth in paragraph 8 below (the "Settlement Amount"). The Settlement Amount shall be paid to the account set forth on an ACH Form duly completed by the Estate and returned to counsel for the government.

5. The Estate acknowledges and agrees that by entering into this Stipulation, it waives any right to litigate any claimed interest in the Retained Funds or to petition for remission or mitigation of the forfeiture of the Retained Funds. The Estate further agrees not to contest, or to assist any person or entity in contesting, directly or indirectly, the forfeiture of any assets restrained or otherwise identified as subject to

forfeiture in connection with the case captioned <u>United States v. Webb</u>, 15-CR-252. The Estate hereby waives its rights, if any, to use the above-captioned action or its settlement as a basis to bring any administrative or judicial civil cause of action against the United States or as a basis for any statutory or constitutional defense in any other civil, criminal, or administrative action, including, without limitation, defenses based upon the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment. Neither entering into this Stipulation nor making or receiving any payment hereunder shall be construed as an admission of liability or wrongdoing by any party.

6. The United States acknowledges and agrees that by entering into this Stipulation it shall have no further right to pursue, based upon the facts and circumstances set forth in the Information, the forfeiture of the Settlement Amount or any other assets held by the Estate.

7. The government makes no representations, express or implied, as to the tax consequences, if any, of the settlement of the claims of the Estate, the forfeiture of the Retained Funds, or the release of the Settlement Amount.

8. The Debt Collection Improvement Act of 1996, codified at 31 U.S.C. § 3716, requires the Department of the Treasury, the United States Marshals Service, and other disbursing officials, to offset Federal payments to collect delinquent non-tax debts owed to the United States, or delinquent debts owed to states, including past-due child support enforced by states. If an offset to the payments is made during an electronic funds transfer, the Estate will receive a notification from the government at the last address provided by the debtor to the creditor. If the Estate believes that the payments may be

subject to an offset, they may contact the Treasury Department at 1-800-304-3107. The Estate agrees to accept the Settlement Amount, as reduced by any offset pursuant to the Debt Collection Improvement Act of 1996, in full satisfaction of its interest in the Forfeiture Payment.

9. As consideration for the return of the Settlement Amount, the Estate hereby agrees to release, indemnify and hold harmless the United States, and any officers, agents, and employees, past and present, of the United States, including but not limited to the United States Department of Justice, the United States Attorney's Office for the Eastern District of New York, United States Marshals Service, the Federal Bureau of Investigation, and the Internal Revenue Service, from and against any and all claims for relief or causes of action for any conduct or action which currently exists or which may arise as a result of the Government's restraint of the Forfeiture Payment, release of the Settlement Amount, forfeiture of the Retained Funds, or otherwise arising from entering into this Stipulation.

10. This Stipulation is contingent upon the Court's "so ordering" of this Stipulation. The Court shall maintain jurisdiction over this action in order to enforce the provisions of this Stipulation.

11. The Estate and the United States agree that each of the Parties shall bear their respective costs and attorney's fees. The Estate agrees to waive any and all rights it has, if any, to recover attorney's fees or interest under the Equal Access to Justice Act, the Civil Asset Forfeiture Reform Act, or any other legal or statutory bases.

12. This Stipulation constitutes the final, complete, and exclusive agreement and understanding between the Parties with respect to the settlement embodied

in this Stipulation and supersedes all prior agreements and understandings, whether oral or written, as to the settlement. No other document, nor any representation, inducement, agreement, understanding, or promise constitutes any part of this Stipulation or the settlement it represents, nor shall it be used in construing the terms of this Stipulation. For purposes of construction, this Stipulation shall be deemed to have been drafted by the Parties and shall not, therefore, be construed against any party in any subsequent dispute, including but not limited to any proceedings in which the United States seeks to enforce the terms of this Stipulation.

13. If any provision of this Stipulation is hereafter determined to be invalid for any reason, the balance of this Stipulation shall remain in full force and effect. The obligations of this Stipulation apply to and are binding upon the Parties and any of their successors, transferees, heirs, and assigns.

14. The signature pages of this Stipulation, which may include electronic and scanned signature pages, may be executed in one or more counterparts, each of which will be deemed an original but all of which together shall constitute one and the same instrument.

15. Upon the Court's "so ordering" of this Stipulation, the Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this Stipulation

to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
November 5, 2020

SETH D. DUCHARME
Acting United States Attorney
Eastern District of New York
271 Cadman Plaza
Brooklyn, New York 11201

By: _____
Samuel P. Nitze
M. Kristin Mace
Keith D. Edelman
Brian D. Morris
Assistant United States Attorneys
(718) 254-7000

Dated: Washington, DC
November ___, 2020

RETURETA & WASSEM, PLLC
*Counsel to Estate of Rafael Callejas and Norma Regina Gaborit de Callejas*
300 New Jersey Ave. NW, Suite 900
Washington, DC 20001

By: _____
Manuel J. Retureta
(202) 549-0679

AGREED AND CONSENTED TO BY:

_____
Norma Regina Gaborit de Callejas, Executor
Estate of Rafael Callejas

_____
Norma Regina Gaborit de Callejas, Beneficiary

SO ORDERED

This  16th day of  December , 2020:

s/Hon. Pamela K. Chen
_____
HONORABLE PAMELA K. CHEN
UNITED STATES DISTRICT JUDGE